UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number:11-14058-CR-MARTINEZ-LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

MICHELLE W. ISAAC,

    Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THE MATTER was referred to the Honorable Frank J. Lynch, Jr., United States Magistrate Judge for a Report and Recommendation on Defendant Michelle W. Isaac's Motion to Suppress (D.E. No. 123). The Motion seeks to suppress statements made by Defendant during two interviews by FBI agents, including Agent Kadela. Magistrate Judge Lynch held an evidentiary hearing on the Motion. Agent Kadela was the Government's sole witness and William Hilson, Defendant's fiancee, was the Defendant's only witness. The Magistrate Judge filed a Report and Recommendation (D.E. No. 204) on April 11, 2012, recommending that the Motion to Suppress be denied. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present. (D.E. No. 228). The Court finds the objections assert matters already thoroughly addressed in Magistrate Judge Lynch's well-reasoned Report and Recommendation.

Defendant's objections include: (i) the at home interrogation was custodial in nature; (ii) Plaintiff's incriminating statements were not voluntary; and (iii) the credibility determinations in the Report and Recommendation are not reasonable. *Id.* Defendant's objections are discussed

more fully below.

### A.   Defendant Objects, Arguing That The Interrogation Was Custodial

Defendant objects, arguing that the interrogation was custodial because the testimony reflects that the agents' firearms were visible during the interrogation, the conduct of the agents created a "police dominated atmosphere," Defendant was restrained through intimidation and threats, the agents used the informal home setting to obtain Defendant's cooperation, Defendant was isolated during the interrogation, there was confrontation and coercion by the agents, and the agents did not advise her that she did not have to be interviewed. *Id.* Defendant also disagrees with the Report and Recommendation's determination of non-custody, characterization of the evidence and the legal standards for at-home custody. *Id.*

This Court finds that the Report and Recommendation sufficiently and accurately addresses these objections.  Specifically, Magistrate Judge Lynch held an evidentiary hearing on the Motion to Suppress and analyzed the testimony and evidence presented regarding the circumstances surrounding the interviews.  For example, the Report and Recommendation discusses how the testimony reflects the interviews took place in Defendants home, she was not physically restrained or told she was under arrest, there was no overreaching by the agents, they did not take advantage of Defendant, there was no evidence of physical punishment, threats or coercion and no display of weapons.  The Report and Recommendation further finds that the Defendant freely entered into each of the interviews and the second interview was set up pursuant to Defendant contacting the agents to continue the first interview.  Accordingly, this Court agrees with the finding that the interview was not custodial in nature.

## B. Defendant Objects, Arguing That Her Incriminating Statements Were Not Voluntary

Defendant objects on the basis that her statements were not voluntary because the agents' confrontational and accusatory tone was overreaching, the agents did not behave in a neutral manner and her request for a second interview cannot rehabilitate the damage done during the first meeting during which she confessed. (D.E. No. 228). She believes that the Court should consider her characteristics, including her pregnancy and weakened emotional state. *Id.* However, Magistrate Judge Lynch found that based on the testimony provided at the evidentiary hearing, there was no evidence of overreaching, threats or coercion. (D.E. No. 204 at 19). In fact, Defendant contacted the agents to set up the continuation of the first interview. The Report further states "[i]f the Defendant felt threatened after the first interview, then it would not seem logical for her to call Agent Kadela the very next day to apologize and schedule a continuation of that interview." *Id.* at 25. Additionally:

> The subjective beliefs of Mr. Hilson and the Defendant as to what they felt compelled to do are not the test. It is whether the objective facts establish that the agents imposed their will upon the Defendant and Mr. Hilson to such an extent that the Defendant's statements should be deemed involuntary. Based upon that standard, the Court finds there is no such evidence.

*Id.* at 26. Further, the Report and Recommendation finds that the statement made by Agent Kadela as to Defendant's cooperation was not a sufficient inducement to render any subsequent statement involuntary. This Court agrees that it is appropriate to review the objective facts to determine the voluntariness of Defendant's statements. Accordingly, based on the evidence, this Court agrees with the finding that Defendant's statements were voluntary.

**C.   Defendant Objects, Arguing That The Credibility Determinations Are Not Reasonable**

Defendant objects on the basis that the Report and Recommendation does not take into account Agent Kadela's interest in the investigation. (D.E. No. 228 at 11). However, this Court agrees with Magistrate Judge Lynch that it must make credibility determinations based upon observing the witnesses testify, their demeanor and their ability to recall specific facts, as well as any interest they may have in the case. (D.E. No. 204 at 21). Based on the these elements, Magistrate Judge Lynch found that portions of Mr. Hilson's testimony were less credible than Agent Kadela's. *Id.* at 24. Agent Kadela's testimony was more consistent with the totality of the evidence. *Id.* This Court agrees and does not find that the credibility determination was unreasonable. Accordingly, it is

**ADJUDGED** that United States Magistrate Judge Lynch's Report and Recommendation (D.E. No. 204) is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that

1. Defendant Michelle W. Isaac's Motion to Suppress (D.E. No. 123) is **DENIED.**

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of May, 2012.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Lynch
All Counsel of Record